# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH FARMER,** | : | Civil No. 3:12-CV-808 |
| Plaintiff | : | (Judge Conaboy) |
| v. | : | (Magistrate Judge Carlson) |
| **MICHAEL POTTEIGER, et al.,** | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

Much of the factual background of this case is entirely undisputed. These undisputed, and well-pleaded, facts reveal the following. The Plaintiff in this case, Joseph Farmer, is a convicted rapist. He is also a repeat litigant in this Court, who had a virtually identical lawsuit dismissed less than a year before he commenced the instant action, and that dismissal was affirmed by the United States Court of Appeals for the Third Circuit. Farmer v. McVey, 448 F. App'x 178 (3d Cir. Oct. 19, 2011).

"On December 11, 1981, Joseph W. Farmer, . . ., was arrested and charged with Aggravated Assault, Unlawful Restraint, and Rape, of a co-worker, . . ., on the evening of December 10, 1981. A jury found Mr. Farmer guilty of these offenses on May 10, 1982, and on January 24, 1983, he was sentenced to an aggregate term of 13 ½ to 32 years imprisonment." Farmer v. DiGuglielmo, No. 05-6383, 2007 WL

1276948, *1 (E.D.Pa. May 1, 2007). Since his incarceration, Farmer has been reviewed and denied parole on at least two occasions by the Pennsylvania Board of Probation and Parole ("Board"), once in 1995 and again in 2008. (Compl., Exs. 14, 28.) In June of 1995, the Board first denied Farmer's application for parole, observing that Farmer showed "very high assaultive behavior potential," that he needed counseling, and that he had failed to benefit from a treatment program for convicted sex offenders. (Compl., Ex. 14.) The Board informed Farmer that before his next parole review, we would need to participate in sex offender treatment and other prescribed programming, maintain a clear conduct record, and earn an institutional recommendation for parole. (Id.)

On April 9, 2008, the Board again denied Farmer's application for parole, giving as reasons for the denial the fact that Farmer continued to deny the nature and circumstances of the crimes he was convicted of committing; he refused to accept responsibility for those offenses; and he demonstrated continued need to participate in and complete additional institutional programs. (Compl., Ex. 28.)

Farmer commenced this litigation on May 1, 2012, alleging that Defendants' refusal to grant him parole, and their decisions to classify him as a violent offender, violated the Due Process Ex Post Facto Clauses of the United States Constitution. (Compl., at 2, 4, 5.) Specifically, Farmer alleges that the Defendants violated the Ex

2

Post Facto Clause by retroactively applying parole policies and procedures to him on and after May 19, 1995, and continuing for each year thereafter, policies which emphasized public safety as the paramount concern in parole decisions. (Compl., at 2, 7, 11, 12, 14, 15, 23, 26, 28, 29.)

In addition, Farmer contends that Defendants have wrongfully applied the Violent Offenders Incarceration and Truth-in-Sentencing Act, 42 U.S.C. §§ 13704 et seq. (VOI/TIS), requirements to him in a manner that also violates the Ex Post Facto Clause. (Compl., at 3, 15-17.) With respect to his due process claims, Farmer asserts that Defendants used arbitrary and impermissible reasons to deny him parole, including by emphasizing public safety as the primary basis for the Board's adverse decision. (Compl., at 23, 25.)

Farmer candidly acknowledges that he previously brought a very similar lawsuit in 2009, in which he made substantially identical allegations to those made in this lawsuit. (Compl., at 2.) (see Civil No. 4:09-CV-166 (M.D. Pa.).) In that earlier litigation, Farmer alleged that the Board, its members, and officials with the Pennsylvania Department of Corrections retroactively applied amendments of the Parole Act against him, in violation of the Ex Post Facto and Due Process Clauses, at the time they denied his parole application in 2008. Id.; see also Farmer v. McVey, 448 F. App'x 178 (3d Cir. Oct. 19, 2011) (affirming dismissal of Farmer's Ex Post

3

Facto and Due Process claims based upon his denial of parole). In addition, Farmer claimed that the Defendants applied the VOI/TIS requirements in a manner that violated the Ex Post Facto Clause when they denied him parole in 2008. Farmer, 448 F. App'x at 180-81 and n.3. The District Court dismissed these claims, and the United States Court of Appeals for the Third Circuit affirmed. See id.

In the instant lawsuit, which is essentially nothing more than a repackaging of the claims that were dismissed last year, Farmer seeks $13.5 million in damages, and declaratory and injunctive relief that would require Defendants to reinstate Farmer's parole eligibility, automatically consider Farmer for parole, and declare that Farmer does not need to participate in and complete sex offender programs to qualify for parole. (Compl., at 30-31.)

Defendants have moved to dismiss the complaint on the grounds that it is barred by the doctrines of collateral estoppel and res judicata, and because it is otherwise plainly barred by the two-year statute of limitations applicable to Farmer's claims. We agree that Farmer's claims must be dismissed for each of these reasons, and will, therefore, recommend that the District Court grant Defendants' motion and close the case.

## II. STANDARD OF REVIEW

Rule 12(b)(6) provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for assessing the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has recently described the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v.

Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public

7

record." Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); see also Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). Thus, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." Pension Benefit, 998 F.2d at 1196. In addition, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."). However, a court may not rely on other parts of the record in rendering a decision on a motion to dismiss. Jordan, 20 F.3d at 1261.

## III. DISCUSSION

### A. Plaintiff's Claims Have Previously Been Litigated and Adjudicated and are Now Barred by the Doctrines of Collateral Estoppel and Res Judicata

At the outset, Defendants seek to have the complaint dismissed on collateral estoppel and res judicata grounds, noting that the precise issues raised in this case have been fully and finally litigated in a case the Plaintiff brought last year in which he raised substantively identical issues and claims. (Civil No. 4:09-CV-00166 (M.D. Pa.).) We find that Defendants are justified in asserting the defense of collateral estoppel in this case. Indeed, the doctrine of collateral estoppel clearly applies here and precludes us from re-litigating these issues, yet again, in the guise of a new lawsuit.

Collateral estoppel and issue preclusion are doctrines which play a vital role in litigation. It has long been recognized that "[t]he doctrine[] of . . . collateral estoppel, now . . termed . . . issue preclusion, 'shar[es] the common goals of judicial economy, predictability, and freedom from harassment....' Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir.1988). Generally speaking, the . . . doctrine of issue preclusion, 'precludes the relitigation of an issue that has been put in issue and directly determined adversely to the party against whom the estoppel is asserted.' Melikian

v. Corradetti, 791 F.2d 274, 277 (3d Cir.1986)." Electro-Miniatures Corp. v. Wendon Co., Inc. 889 F.2d 41, 44 (3d. Cir.1989)(citations omitted).

The parameters of this doctrine, which precludes relitigation of certain issues, have been defined by the United States Court of Appeals for the Third Circuit in the following terms:

> Issue preclusion, or collateral estoppel, prevents parties from relitigating an issue that has already been actually litigated. "The prerequisites for the application of issue preclusion are satisfied when: '(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.' " Burlington Northern Railroad Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231-32 (3d Cir.1995) (quoting In re Graham, 973 F.2d 1089, 1097 (3d Cir.1992)); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, n. 5(1979). In its classic form, collateral estoppel also required "mutuality"-i.e., that the parties on both sides of the current proceeding be bound by the judgment in the prior proceeding. Parklane Hosiery, 439 U.S. at 326-27. Under the modern doctrine of non-mutual issue preclusion, however, a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary. See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 324 (1971); Parklane Hosiery, 439 U.S. at 329. For . . . non-mutual issue preclusion [] to apply, the party to be precluded must have had a "full and fair" opportunity to litigate the issue in the first action. See Parklane Hosiery, 439 U.S. at 328; Blonder-Tongue Labs., 402 U.S. at 331.

Peloro v. United States, 488 F.3d 163, 174-5 (3d.Cir. 2007).[1] Stated succinctly, principles of collateral estoppel compel a later court to honor the an earlier decision of a matter that was actually litigated. Dici v. Commonwealth of Pa., 91 F.3d 542 (3d Cir. 1997).

This doctrine, which involves an assessment of the overlap between issues presented in separate lawsuits, raises essentially legal questions which are often amenable to resolution by courts as a matter of law. See, e.g., Peloro v. United States, supra; Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc, supra; Witkowski v. Welch, 173 F.3d 192, 198-205 (3d. Cir. 1999); Burlington Northern Railroad Co. v. Hyundai Merchant Marine Co., Ltd.,, 63 F.3d 1227, 1231-9 (3d. Cir. 1995)(summary judgment, offensive issue preclusion).

In this case, we find as a matter of law that all of the legal requisites for collateral estoppel are clearly present here. First, in this lawsuit Plaintiff has sued the Defendants for alleged violations of the Due Process and Ex Post Fact Clauses, caused by the Defendants' denial of Farmer's applications for parole from 1995 until

---

[1] Defendants have also argued that the closely-related doctrine of res judicata, or claim preclusion, also applies to bar Plaintiff's claims int his case. Under res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). Res judicata is generally viewed as "claim preclusion," whereas collateral estoppel is considered as a doctrine of "issue preclusion." Id. at 94 n.5.

2008. (Compl., at 2.) Additionally, Farmer alleges that the Defendants violated the Ex Post Facto Clause by wrongfully and retroactively applying parole polices that emphasized public safety as the primary concern in parole decision making, and that they began applying these new standards to him on and after May 19, 1995. (Compl., at 2, 7, 11, 12, 14, 15, 23, 26, 28, 29.) Further, Farmer contends that the defendants violated the Ex Post Facto Clause by applying requirements imposed by the VOI/TIS when they considered his applications for parole. (Id., at 3, 15-17.) Finally, Farmer alleges that the Defendants relied upon arbitrary and impermissible factors in reaching their decision to deny him parole, thereby violating his right to due process. (Id., at 23, 25.)

We compare these allegations to those made in Farmer's prior lawsuit, which he brought in this court in January 2007. (See Civil No. 4:09-CV-00166) (See also Doc. 32, Ex. A.) In the amended complaint filed in that action, Farmer claimed that the named Defendants, who were current and former Board members, and current and former officials with the Department of Corrections, violated the Ex Post Facto Clause by denying him parole from 1995 until 2008 – precisely the issue Farmer tries to litigate in the instant lawsuit. (Doc. 32, Ex. A, at 7.) Like this lawsuit, in that earlier litigation Farmer claimed that the named Defendants violated the Ex Post Facto Clause by wrongfully and retroactively applying parole policies to his him from

1995 through 2008. (Doc, 32, Ex. A, at 7, 10, 11, 12, 13.) Also like this lawsuit, Farmer alleged that the Defendants ran afoul of the Ex Post Facto Clause by applying the requirements of the VOI/TIS to his case. (Doc. 32, Ex. A, at 7-8, 13.) Finally, Farmer also alleged that the Defendants violated his right to due process by relying on arbitrary or impermissible factors in reaching their adverse decision with respect to his parole application. (Doc. 32, Ex. A, at 4.)

Not only did Farmer bring virtually identical substantive allegations in his earlier lawsuit, but the merits of those identical issues were fully litigated, and adjudicated, in the earlier case. On January 24, 2011, the undersigned issued a report and recommendation to the District Court that recommended the complaint be dismissed. (No. 4:09-CV-00166, Doc. 54.) On February 28, 2011, the District Court adopted the report and recommendation with respect to Farmer's due process and ex post facto claims, except for Farmer's claim that the Defendant's reliance upon factors imposed by the VOI/TIS violated the Ex Post Facto Clause. (No. 4:09-CV-00166, Doc. 57.) On March 30, 2011, we issued a second report and recommendation in which we recommended that Farmer's remaining ex post facto claims also be dismissed. (No. 4:09-CV-00166, Doc. 66.) On May 19, 2011, the District Court adopted this recommendation, and dismissed the last of Farmer's claims. (No. 4:09-CV-00166, Doc. 73.) Farmer appealed the dismissal of his claims, and on October

19, 2011, the United States Court of Appeals for the Third Circuit affirmed. Farmer v. McVey, 448 F. App'x 178 (3d Cir. Oct. 19, 2011) (affirming dismissal of Farmer's Ex Post Facto and Due Process claims based upon his denial of parole).

In the instant litigation, Farmer simply seeks "another bite of the apple," Peloro, 488 F.3d at 176, by again bringing claims based upon the denial of his parole applications, claims that are substantively indistinguishable from those brought in Civil No. 4:09-CV-00166. This he may not do. Comparison of Farmer's substantively identical actions reveals the following: (1) in both his current lawsuit and prior action, Farmer brought identical issues alleging violation of the Due Process and Ex Post Facto Clauses by retroactively applying 1996 amendments to the Parole Act and the VOI/TIS; (2) these issues were fully litigated, and disposed of, by the District Court and the United States Court of Appeals for the Third Circuit, in 2011; (3) the decision affirming the dismissal of Farmer's claims was a final determination on the merits; (4) the issues disposed of were essential to the prior judgment entered in Civil No. 4:09-CV-00166; (5) and Farmer was provided with a full and fair opportunity to litigate all of these issues in the prior litigation. Consideration of these indisputable factors compels us to find that the principles of collateral estoppel and claim preclusion apply to the claims Farmer attempts to bring in this lawsuit, and we, therefore, recommend that the complaint be dismissed.

### B. Plaintiff's Claims are Time Barred

We also agree with Defendants that even if the claims were not barred by principles of issue and claim preclusion, the claims should nevertheless be dismissed because they are time barred.

Framer's amended complaint protests a series of parole denial decisions between 1995 and 2008. It is well-settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa. Cons. Stat. Ann. § 5524. A cause of action accrues for statute of limitations purposes when the Plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also, Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a continuing wrong theory, a plaintiff must make an exacting showing to avail himself of this grounds for tolling the statute of limitations. For example, it is well settled that the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action]. On discovering an injury and its cause, a claimant must choose to sue or

15

forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)). See also Lake v. Arnold, 232 F.3d 360, 266-68 (3d Cir. 2000). Instead:

> The continuing violations doctrine is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.1995). Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991).In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." West, 45 F.3d at 755 (quotation omitted). Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. See Id. at 755 n. 9 (citing Berry v. Board of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir.1983)). The consideration of "degree of permanence" is the most important of the factors. See Berry, 715 F.2d at 981.

Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001).

While he protests parole decisions reaching back to 1995, Farmer did not file this complaint until May 2012, approximately seven months after the Third Circuit

Court of Appeals affirmed the dismissal of virtually identical claims in Farmer's previous lawsuit, which was itself filed in 2009. Therefore, a straightforward application of the statute of limitations here compels the dismissal of all claims which pre-date May 2010, since those claims are now time-barred. On these undisputed facts, recited by Farmer in his complaint, the bar of the statute of limitations clearly applies.

Farmer cannot save these time-barred claims by resort to the continuing violation theory since that tolling doctrine "will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action]. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998). Indeed, with respect to the controlling consideration relating to this equitable tolling doctrine, "the degree of permanence [of the injury, i.e.]-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his rights," Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001), Farmer's complaint speaks unambiguously to this issue when he alleges violations of his rights in parole hearing beginning in 1995. In light of this admission by Farmer, the Plaintiff plainly was on notice of his injury long before he filed this complaint, and the permanence of this injury was clearly known to him long before he filed this

action; indeed, Plaintiff was obviously aware of the claims since he brought identical claims in January 2009 when he first filed a federal lawsuit seeking damages and injunctive relief due to the Board's adverse parole decisions. Therefore, there are no grounds for tolling the statute of limitations on a continuing offense theory, and Farmer's claims should be barred by the statute of limitations.

## IV.  **RECOMMENDATION**

For the foregoing reasons, we find that Plaintiff's claims are substantively identical to those brought in a prior lawsuit in this Court. Those claims were fully litigated in a proceeding in which Plaintiff was given a full and fair opportunity to raise each of these issues, and the dismissal of the lawsuit was affirmed by the Third Circuit. Additionally, Plaintiff's claims, which seek to challenge decisions of the Board made between 1995 and 2008, are plainly time barred, as they relate to matters that occurred more than two years ago, and are issues of which Plaintiff was obviously aware. Accordingly, IT IS RECOMMENDED THAT Defendants' motion to dismiss the complaint be GRANTED.[2]

---

[2] We note that Plaintiff's claims are also substantively without merit, but we decline to set forth a full analysis of each of Plaintiff's claims, as we previously did so in our prior reports and recommendation to the District Court in the earlier litigation. (Civil No. 4:09-CV-00166, Docs. 54 and 66.) The same substantive analysis would apply to Plaintiff's claims in this case, but is unnecessary because it has already been applied to these claims in the earlier action. Additionally, we recognize that in civil rights litigation, pro se plaintiffs often should be granted

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

---

leave to amend their claims. Fletcher-Hardee Corp. v. Pote Contractors, 482 F.3d 247, 253 (3d Cir. 2007). However leave to amend need not be granted in cases where amendment would be futile or inequitable, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case we recommend that Plaintiff's claims be dismissed with prejudice, since the claims plainly are barred by the doctrines of issue and claim preclusion, and are otherwise time barred, and thus any amendment of the claims would be futile, and it would inequitable to continue to require Defendants to respond to Plaintiff's claims, which have by this time been fully adjudicated.

Submitted this 28th day of September 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge