UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH W. FARMER,
Plaintiff,
v.
MICHAEL POTTEIGER, et al.,
Defendants.

CIVIL ACTION NO. 3:12-CV-808
(JUDGE RICHARD P. CONABOY)
(Magistrate Judge Carlson)

**MEMORANDUM**

Here we consider the Report and Recommendation of Magistrate Judge Martin C. Carlson concerning Plaintiff Joseph W. Farmer's 42 U.S.C. § 1983 action. (Doc. 33.) Magistrate Judge Carlson recommends granting Defendants' motions to dismiss (Docs. 13, 31) because Plaintiff's claims have been fully litigated and are also time barred. (Doc. 33 at 18.) Plaintiff filed Objections to Magistrate Judge's Report Recommendations (Doc. 35) on October 16, 2012. Defendants have not filed a responsive brief and the time for doing so has passed. Therefore, this matter is ripe for disposition. For the reasons discussed below, we adopt the Magistrate Judge's Report and Recommendation (Doc. 33) in part, grant Defendants' motions to dismiss (Docs. 13, 31) in part, and allow Plaintiff leave to file an amended complaint on a limited basis.

## I. Background

By way of general background, the Report and Recommendation set out the following:

> On December 11, 1981, Joseph W. Farmer was arrested and charged with Aggravated Assault, Unlawful Restraint, and Rape, of a co-worker on the evening of December 10, 1981. A jury found Mr. Farmer guilty of these offenses on May 10, 1982, and on January 24, 1983, he was sentenced to an aggregate term of 13½ to 32 years imprisonment. Since his incarceration, Farmer has been reviewed and denied parole on at least two occasions by the Pennsylvania Board of Probation and Parole ("Board"), once in 1995 and again in 2008. In June of 1995, the Board first denied Farmer's application for parole, observing that Farmer showed "very high assaultive behavior potential," that he needed counseling, and that he had failed to benefit from a treatment program for convicted sex offenders. The Board informed Farmer that before his next parole review, [h]e would need to participate in sex offender treatment and other prescribed programming, maintain a clear conduct record, and earn an institutional recommendation for parole.
>
> On April 9, 2008, the Board again denied Farmer's application for parole, giving as reasons for the denial the fact that Farmer continued to deny the nature and circumstances of the crimes he was convicted of committing; he refused to accept responsibility for those offenses; and he demonstrated continued need to participate in and complete additional institutional programs.

(Doc. 33 at 1-2 (internal quotations and citations omitted).)

In his Complaint, Plaintiff sets out the "[c]onduct that violates the plaintiff's constitutional rights." (Doc. 1 at 7.)

> The named defendants, under color of state law, embraced the new philosophy "public safety." They particularly by utilizing the information contained in the plaintiff's DC-15 file, to classify him as a

> violent offender, based on the nature of his offense and protection of public safety. The plaintiff's DC-15 file also clearly indicates, his Conviction Date (January 24, 1983), and Minimum Date (June 16, 1995). Therefore, the named defendants were knowledgeable, and acquiesced in violating the plaintiff's constitutional rights, and directed others to violate them. The amended Parole Act of June 1, 1995, and subsequent Parole Acts, in conjunction with VOI/TIS, were applied retroactively (after the plaintiff's conviction). The aforementioned unconstitutional procedures/policies, along with other retroactive applied procedures/policies, are enumerated throughout this complaint, and they violate clearly established law. The named defendants continue to acquiesce in violating the plaintiff's constitutional rights. They also mandated, that the plaintiff participate/complete two retroactive "admitter" sex offender programs (Exs. 36, 37 & 41), to qualify for parole. Even though, participation in the aforementioned programs are minimum sentence driven (Ex. 33). The plaintiff's minimum sentence was June 16, 1995. The named defendants, who participated in the grievance process, had knowledge of the previous mentioned violations, through the plaintiff's grievance (Doc. 35), and acquiesced in the violations by not addressing the problems outlined in the grievance. The aforementioned exhibits, and the named defendants' actions, reveal that no corrective action was taken to resolve the enumerated unconstitutional procedures/policies, applied retroactively.

(Doc. 1 at 8.)

Defendants are individuals currently or formerly associated with the Pennsylvania Board of Probation and Parole, Pennsylvania Department of Corrections officials, SCI-Dallas officials, and

others related to the parole process.[1] (Doc. 1 at 2-6.)

Plaintiff filed a previous action in this Court asserting constitutional violations related to parole, Civil Action No. 4:09-CV-166 (M.D. Pa.). Some Defendants named in this action were also named in the earlier case.

## II. Discussion

### *A. Legal Standards*

### 1. Report and Recommendation Review

When a magistrate judge makes a finding or ruling on a motion or issue, his determination should become that of the court unless objections are filed. *See Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Moreover, when no objections are filed, the district court is required only to review the record for "clear error" prior to

[1] It appears from the docket that two Defendants identified in the Complaint have not been served: Carol L. Lavery, a Victim Advocate with the Office of Victim Advocate; and Meghan Dade, Executive Director of the Sexual Offender Assessment Board ("SOAB"). (Doc. 1 at 5.) Because Plaintiff's claims are asserted against Defendants generally, and because no specific claim is raised against Defendant Lavery or Defendant Dade (*see* Doc. 1), our determinations regarding Defendants who have been served apply equally to Defendants Lavery and Dade. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the reviewing court is to dismiss the case if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Thus, a conclusion that Plaintiff has failed to state a claim against Defendants served would apply equally to those who have not been served and the Court should *sua sponte* dismiss claims against the latter.

Furthermore, Plaintiff does not raise any objection regarding Defendants Lavery and Dade. (*See* Doc. 35.)

accepting a magistrate judge's recommendation. *See Cruz v. Chater*, 990 F. Supp. 375, 378 (M.D. Pa. 1998). However, when objections are filed to a magistrate judge's Report and Recommendation, the district judge makes a *de novo* review of those portions of the report or specified proposed findings or recommendations to which objection is made. *See Cippolone v. Liggett Group, Inc.*, 822 F.2d 335, 340 (3d Cir. 1987), *cert.*

**2. Motion to Dismiss Standard**

When reviewing a complaint pursuant to a defendant's motion to dismiss for failure to state a claim filed under Federal Rule of Civil Procedure 12(b)(6), the court does so in the context of the requirement of Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claims showing that the pleader is entitled to relief." The "short and plain statement" must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007). *Twombly* confirmed that more is required than "labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a

right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555 (citations omitted).

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in *Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

*McTernan,* 577 F.3d at 530. The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*,

> 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips* [*v. Co. of Alleghany*], 515 F.3d [224,] 234-35 [(3d Cir.2008 )]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. As noted above, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

Additional considerations apply when a plaintiff is proceeding pro se. A pro se plaintiff's pleadings must be construed liberally. *See, e.g.*, *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). A reviewing court applies the applicable law, "irrespective of whether a pro se litigant has mentioned it by

name." *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999).

Finally, the district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

***B. Plaintiff's Objections***

Plaintiff enumerates seven (7) objections to the Report and Recommendation, many of which contain numerous subparts. (Doc. 35 at 4-10.) We have reviewed each under the de novo standard set out above.

**1. Named Defendants**

Plaintiff asserts that the Magistrate Judge does not make a distinction between the named Defendants in this case and those in his previous action. (Doc. 35 at 4 (citing *McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997).) We conclude this objection is without merit in that, as recognized by Magistrate Judge Carlson, the fact that some Defendants in the current action were not named in the earlier action is not central to the determination of whether the issues raised in the current action have been previously litigated. (*See* Doc. 33 at 10.)

**2. Issue and Claim Preclusion**

Plaintiff first states that the Magistrate Judge did not compare his current claims with claims raised in the previous

action under claim preclusion. (Doc. 35 At 4.) This objection is without merit in that the Court has no obligation to address every possible basis for dismissal. Magistrate Judge Carlson thoroughly discussed issue preclusion and made his findings based on that doctrine. (Doc. 33 at 9-14.)

Plaintiff also maintains that he refuted the affirmative defenses of collateral estoppel and res judicata in his opposition brief. (Doc. 27 at 4-6.) In that brief, Plaintiff argues that his ex post facto and due process claims "emanate from the named defendants' mandate, concerning retroactive programs, and parole eligibility being repealed (Doc. 1 at 8, 11, 21, 30 & Exs. 35, 36, 37, 41)." Plaintiff cites the language in the Final Appeal Decision related to his grievance complaining of Sex Offender Program Aftercare and Sex Offender Program Mod-High Intensity being recommended in the Integrated Correction Plans of February 1, 2010, and February 9, 2011: "However, in order to be eligible for parole, you must complete programs that will aid you in your reintegration into society." (Doc. 27 at 5 (citing Ex. 41).)

Plaintiff adds that

> the significant facts, pertaining to [his] claims, originate from the named defendants' failure to resolve his problems during the grievance process (Exs. 31-38, 41). The Administrative decisions (Exs. 35-37, 41), and parole decisions (referred to by the named defendants), have different origins. Therefore, the plaintiff's claims are not based on the same cause of action.

(Doc. 27 at 6.)

Plaintiff’s Complaint is far from a model of clarity and certainly can be read to raise more than grievance and correctional program matters. (*See* Doc. 1.) To the extent Plaintiff makes any claim or seeks any relief relevant to his previous parole hearings, we agree with Defendants and Magistrate Judge Carlson that these claims are barred by the doctrine of collateral estoppel: all matters related to Plaintiff’s 1995, 1996, and 2008 parole denials have been (or could have been) fully litigated. *Farmer v. McVey*, 448 F. App’x 178 (3d Cir. 2011) (not precedential); *Farmer v. McVey*, Civil Action No. 4:09-CV-166; 2011 WL 776210 (M.D. Pa. Feb. 28, 2011).

However, because Plaintiff now asserts constitutional deprivation based upon events/actions which have taken place since his last parole denial and the filing of his previous action, we must determine the status of these claims. Specifically, Plaintiff argues that his due process and ex post facto rights have been violated because he has been assigned to certain programs for “admitters” and denied parole eligibility if he does not complete them, and related problems have not been resolved through the grievance process. (*See*, *e.g.*, Doc. 27 at 4-6.) Neither Defendants nor the Magistrate Judge address these claims.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the reviewing court is to dismiss the case if the action is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. For the reasons that follow, we conclude that Plaintiff's claims regarding program assignments, parole eligibility and the grievance process should be dismissed and Plaintiff should be granted leave to file an amended complaint regarding program assignments and parole eligibility only.

We conclude Plaintiff's grievance related claims should be dismissed with prejudice. Because there is no constitutionally protected right to a grievance process, claims based on dissatisfaction with the grievance process are properly dismissed. *See Sims v. Piazza*, 462 F. App'x 228, 231 (3d Cir. 2012) (citations omitted) (not precedential); *see also Sims v. Piazza*, Civil Action No. 3:09-CV-0033, 2009 WL 3147800, at *8-9 (M.D. Pa. Sept. 28, 2009) ("While the outcomes produced by the grievance procedures did not satisfy Plaintiff, neither did they bestow upon him a substantive constitutional right to litigate the grievance procedures in court.") Here Plaintiff is not satisfied with the result of his grievance(s) related to program assignments and parole eligibility status. This dissatisfaction does not give rise to a constitutional claim. Therefore, any grievance related claims are properly dismissed with prejudice.

Plaintiff's claims related to program assignments and parole eligibility are subject to dismissal for several reasons. However,

whether they should be dismissed with or without prejudice is a closer call. These claims are subject to dismissal because Plaintiff has failed to state a claim upon which relief may be granted in that he has generically asserted that all Defendants are responsible for associated wrongs. (*See* Doc. 1.) First, all allegations against Defendants in their official capacities must be dismissed because state officials acting in their official capacities are not "persons" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Second, Plaintiff must allege the personal involvement of each named individual, and he has not done so here. *See, e.g.*, *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1983).

Plaintiff's program assignment and parole eligibility claims must be dismissed, but we will allow him leave to amend these claims. Program assignments and administrative decisions affecting parole eligibility may be actionable in some circumstances. *See, e.g.*, *Mickens-Thomas v. Vaughn*, 407 F. App'x 597 (3d Cir. 2011) (not precedential); *Crosby v. Piazza*, 465 F. App'x 168, 173-74 (3d Cir. 2012) (not precedential). Though Plaintiff will likely have a very difficult time meeting his evidentiary burden, *Newman v. Beard*, 617 F.3d 775, 785-86 (3d Cir. 2010); *Randall v. Wilson*, Civil Action No. 05-1257, 2006 WL 3196539, at *7 (W.D. Pa. Nov. 2, 2006); *Williams v. Martinez*, Civil Action No. 06-735, 2006 WL 2588726, at *5 n.18 (E.D. Pa. Sept. 7, 2006), we cannot say that

granting leave to amend would be futile.

**3. Post December 5, 2011, Ex Post Facto and Due Process Claims**

With this objection, Plaintiff asserts that the ex post facto and due process claims currently raised were not raised in his previous complaint but rather accrued on or after December 5, 2011.[2] (Doc. 35 at 5.) We agree with Plaintiff that not all of his claims are necessarily time-barred and relate only to his previous 42 U.S.C. § 1983 case. However, our decision to allow Plaintiff leave to file an amended complaint regarding his claims of "admitter" program assignments and the alleged repeal of his parole eligibility renders further discussion of this objection unwarranted.

**4. Parole Eligibility**

Plaintiff states that the Magistrate Judge never considered that his intent with this action which has to do with the reinstatement of his parole eligibility. (Doc. 35 at 7-8.) Because we allow Plaintiff to file an amended complaint regarding this issue, further discussion of this objection is not necessary.

**5. Administrative Process**

Plaintiff next claims the Magistrate Judge did not acknowledge "'the administrative process through which the claim[s] ultimately

[2] The December 5, 2011, date corresponds to the date Plaintiff filed a grievance concerning participation in programs and violent offender status as related to parole. (Doc. 1 at 66, Ex. 35.)

reached the court.'" (Doc. 35 at 7 (citing *Purter v. Heckler*, 771 F.2d 682, 691 (3d Cir. 1984).) This rambling objection, which contains six (6) subparts, presents no basis for relief. Because of the substance of the assertions and the manner in which they are presented, no further discussion is warranted.

**6. Plaintiff's Filings**

Plaintiff objects to the fact that the Magistrate Judge did not acknowledge that he filed opposition to the motions to dismiss. (Doc. 35 at 9.) A magistrate judge is under no obligation to acknowledge every document filed in a case. Moreover, we have reviewed the document referenced (Doc. 27) and considered the arguments raised therein.

**7. Defendants' Burden**

With his final objection, Plaintiff notes that the Magistrate Judge did not acknowledge that Defendants did not meet their burden. Further analysis of this objection and relevant burdens is unnecessary given the Court's conclusions set out in relation to Plaintiff's third objection.

## III. Conclusion

For the reasons discussed above, Magistrate Judge Carlson's Report and Recommendation (Doc. 33) is adopted in part. The Report and Recommendation is adopted insofar as it recommends dismissal with prejudice of all claims related to Plaintiff's previous parole denials. However, the Court will allow Plaintiff leave to amend

regarding only his claims related to allegedly improper program assignments and alleged revocation of parole eligibility. Similarly, Defendants' Motions to Dismiss (Docs. 13, 31) are granted in part and denied in part. The motions are granted insofar as they seek dismissal of the Complaint; they are denied insofar as they seek dismissal with prejudice. An appropriate Order is filed simultaneously with this Memorandum.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: November 5, 2012